**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Theressa Frank,** | ) | **CASE NO. 1:17 CV 2437** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **FAF, Inc., et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendants.** | ) | |

### INTRODUCTION

This matter is before the Court upon the Motion for Partial Summary Judgment of Defendants FAF, Inc. and Matthew E. McRedmond (Doc. 43). Also pending is Plaintiff's Motion in Limine Regarding Marijuana Use and Possession (Doc. 48). This is a wrongful death action stemming from a traffic accident involving a tractor-trailer. For the reasons that follow, both motions are GRANTED.

### FACTS

Plaintiff, Theressa Frank, individually and as the Administratrix of the Estate of Andre C. Elliott, brings this lawsuit against defendants, FAF, Inc. and Matthew E. McRedmond, alleging

1

wrongdoing in connection with a traffic accident. Plaintiff alleges that on July 7, 2017, defendant McRedmond was operating a tractor-trailer on behalf of defendant FAF, Inc. in the right hand lane of Interstate 76. McRedmond drove into the left hand lane, causing the motorcycle operated by Elliott to crash. Elliott died as a result.

Thereafter, Frank brought this lawsuit alleging ten "claims" for relief. Counts one through three are asserted against McRedmond and allege negligence, "statutory violations," and "punitive damages," respectively. Counts four through eight assert claims for vicarious liability, strict liability, negligence, "statutory violations," and "punitive damages" as to FAF, Inc. Count nine is a claim for wrongful death and count ten, which is erroneously labeled as a second count nine, is a "survival action."

During the pendency of this matter, the parties entered the following stipulation with regard to liability:

> By agreement of Plaintiff... and Defendants..., it is hereby stipulated that on July 7, 2017, Mr. McRedmond, while operating a tractor-trailer within the course and scope of his duties pursuant to an independent contractor operating agreement with Defendant FAF, Inc., negligently and proximately caused a collision involving Mr. McRedmond's vehicle and a motorcycle being operated by decedent Andre C. Elliott. Defendant FAF, Inc. is liable for Mr. McRedmond's negligence pursuant to the doctrine of respondeat superior.

Defendants now move for summary judgment with respect to count six, count ten, and plaintiff's claims for punitive damages. Plaintiff opposes the motion in part. Also pending is plaintiff's motion to exclude, which defendants oppose.

**STANDARD OF REVIEW**

Summary Judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)); *see also LaPointe v. UAW, Local 600*, 8 F.3d 376,

2

378 (6th Cir. 1993). The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits," if any, which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (citing Fed. R. Civ. P. 56 (c)). A fact is "material only if its resolution will affect the outcome of the lawsuit." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). Accordingly, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir.1993). The nonmoving party may not simply rely on its pleading, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 456 (1992). However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of his case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Moreover, if the evidence is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant

summary judgment.  *Anderson*, 477 U.S. at 249-50 (citation omitted).

**<u>ANALYSIS</u>**

1. Punitive damages and count six (negligent hiring/retention claim against FAF, Inc.)

Defendant FAF, Inc. moves for summary judgment with regard to count six.  According to defendant, the evidence demonstrates that it conducted a thorough background check prior to hiring McRedmond.  In addition, defendant notes that it requires all of its drivers, including McRedmond to partake in a lengthy training seminar and continues to monitor all of its drivers over time.  In addition, defendants argue that there is no evidence that either defendant acted with the requisite intent sufficient to support a claim for punitive damages.  Alternatively, defendants argue that punitive damages are not available where a decedent died instantly. Plaintiff does not respond in any fashion to these arguments.  Upon review, the Court finds that, in the face of defendants' evidence to the contrary, plaintiff fails to present evidence sufficient to support a claim for negligent hiring, training, or retention.  Nor does plaintiff point the Court to any evidence in support of a claim for punitive damages.  As such, the Court agrees with defendants that summary judgment is warranted on count six, as well as both punitive damages "claims," *i.e.*, counts three and eight.

2. Count ten (survival action)

Defendants argue that a survival action is unavailable because Ohio law requires evidence that the decedent experienced conscious pain between the time of impact and death. According to defendants, the evidence demonstrates that Elliott died instantly on impact.  In response, plaintiff argues that Elliott was aware of imminent danger because he took corrective action in the form of moving his motorcycle onto the grassy berm.  Plaintiff claims that Elliott

4

"flipp[ed] up in the air and slamm[ed] to the pavement before being run over by the trailer." According to plaintiff, Elliott undoubtedly experienced horror and terror while he tried to avoid the collision. As such, plaintiff claims that Elliott's estate is entitled to recover damages for the negligent infliction of emotional distress Elliott suffered "as he saw the tractor trailer move into his lane of traffic until the time he was struck, thrown in the air and subsequently killed." Defendants make two arguments in reply. According to defendants, there is absolutely no evidence of the chronology of events described in plaintiff's brief. Rather, a witness testified that Elliott rode his motorcycle alongside the trailer, moved into the grassy berm, and drove back onto the roadway whereupon he was struck by the tractor trailer. Another witness testified similarly, adding that Elliott's body was thrown into the air *after* the impact with the tractor trailer. In addition, based on the evidence presented by the witnesses, Elliott suffered no emotional harm after the impact as he was killed instantly or within seconds of the impact. Defendants argue that the case law requires the emotional distress to occur in between the impact and death. As such, any emotional distress Elliott suffered prior to being struck is not relevant.

Upon review, the Court finds that defendants are entitled to summary judgment on plaintiff's survivorship "claim." In that claim, plaintiff alleges that "Elliott survived the collision for a short period of time and experienced severe emotional distress in the form of pre-death terror, physical pain, and mental anguish up to the time of his death." (Doc. 1 at ¶ 41). Plaintiff's request for both physical and mental anguish is akin to a request for "pain and suffering." *Fantozzi v. Sandusky Cement Prod. Co.*, 597 N.E.2d 474 (Ohio 1992)("pain and suffering" includes both physical and emotional anguish).

The Court notes that it first must determine whether this claim survives Elliott's death.

Upon review, the Court answers this question in the affirmative.  O.R.C. §2305.21 provides as follows, "[i]n addition to the causes of action which survive at common law, causes of action for...injuries to the person or property...shall survive; and such actions may be brought notwithstanding the death of the person entitled or liable thereto."  As at least one Ohio court has held, this provision is not a separate cause of action. *Monnin v. Fifth Third Bank of Miami Valley, N.A.*, 658 N.E.2d 1140 (Oh. Ct. App. 1995).  Rather, the statute allows certain causes of action to be asserted even thought the claimant is no longer alive.

On its face, the statute provides that only claims involving injury to the "person or property" survive death.  Under Ohio law, emotional distress is considered damage to the "person."  *See, e.g., Bowman v. Parma Bd. of Ed.*, 542 N.E.2d 663 (Ohio Ct. App. 1988)(claim for psychic injury or infliction of serious emotional distress survived death of person upon whom injury or distress was inflicted); *see also, Tinney v. Richland County*, 2014 WL 6896256 (N.D. Oh. Dec. 8, 2014).   Here, plaintiff alleges that Elliott suffered severe emotional distress in the form of "pre-death terror, physical pain, and mental anguish up to the time of his death."  Broadly construed, plaintiff's "survival action" asserts claims for negligence and negligent infliction of emotional distress.  Both of these claims may be asserted notwithstanding Elliott's death as both involve injury to the "person."

Defendants argue, however, that because Elliott's death occurred nearly instantaneously, damages are not recoverable under Ohio's survival statute. Defendants point to a number of cases in which Ohio courts have held that damages for "pain and suffering" are recoverable only in the event that there is "some evidence of conscious pain and suffering...between the injury inflicted and the resulting death." *Monnin v. Firth Third Bank of Miami Valley, N.A.*, 658

N.E.2d 1140 (Oh. Ct. App. 1995). *See also, Laverick v. Children's Hospital Medical Center of Akron, Inc.*, 540 N.E.2d 305, 308 (Oh. Ct. App. 1988)("one may recover for the pain and suffering endured when there is affirmative evidence to show that the decedent was not completely unconscious during the interval between the injury and death"). As noted above, "pain and suffering" encompasses damages resulting from both physical and emotional injury.

Here, defendants present evidence from medical experts indicating that Elliott died either immediately or within seconds of the impact. Defendants detail the gruesome and extensive injuries to Elliott's spine and brain. Plaintiff submits no evidence in response. As such, even if Elliott survived for "seconds," there is no evidence that Elliott was conscious during that time such that he appreciated any pain and suffering as a result of the accident. Accordingly, summary judgment is warranted in favor of defendant with respect to plaintiff's survival claim.[1]

3. Motion in limine

Plaintiff moves to exclude evidence of Elliott's marijuana use at or near the time of the accident. Post-mortem toxicology results showed that at the time of the accident plaintiff's blood contained nearly four times the per se limit for a driving under the influence charge in Ohio. In addition, Elliott had four ounces of marijuana in his backpack at the time of the

---

[1] Plaintiff argues that Elliott suffered emotional damages prior to the impact. Plaintiff goes through a series of events, including that plaintiff was "thrown into the air" prior to being struck by the tractor-trailer. But, as defendants point out, plaintiff offers no evidence in support of this factual scenario. And, to the extent plaintiff is claiming that any emotional distress Elliott suffered prior to the impact is recoverable, this argument is wholly inconsistent with plaintiff's allegations. Plaintiff expressly alleges that "Elliott *survived the collision* for a short period of time" and thus suffered physical and mental distress prior to his death. (Doc. 1 at ¶ 42)(emphasis added).

7

accident. Plaintiff, however, argues that defendants stipulated to liability and that evidence of drug possession and drug use on this one occasion is not relevant to a damages calculation. In response, defendants argue that drug use and illegal activity (including drug possession) are relevant to damages in that drug use affects earning potential and the ability to hold down a job. According to defendants, Elliott has not had a steady job history.

Upon review, the Court finds that evidence of Elliott's toxicology and possession of marijuana are not relevant to a damages calculation. Although arguably such evidence may be relevant if it is tied to work performance, such is not the case here. Plaintiff seeks to exclude only once instance of drug use and possession. Defendants note that Elliott: (1) held his job only for approximately five months prior to the accident; (2) previously worked at Taco Bell for less than six months; (3) worked as a temporary laborer with an inconsistent work history including "for cause" terminations. But there is no indication that any of Elliott's difficulties with employment relate in any way to drug use. Plaintiff points out that Elliott has never been convicted of any crime related to drug use. Nor does either party cite any evidence demonstrating that Elliott engaged in long-term drug use. Rather, the only evidence at issue is Elliott's drug use and possession on one occasion. In short, the Court finds that evidence related to Elliott's drug use and possession on the day of the accident is not relevant to damages.

Even if the evidence could be deemed relevant, the Court finds that the probative value of the evidence is substantially outweighed by the danger of confusion of the issues and unfair prejudice. Here, the jury may confuse the issue of liability and damages. Although defendants stipulated to liability, the jury may erroneously believe that the fact that Elliott's toxicology reports revealed substantially high levels of marijuana in his blood means that Elliott was at least

partially at fault for the accident.  Alternatively, the jury may believe that plaintiff is not entitled to damages simply because he used drugs.   The danger of confusion and unfair prejudice substantially outweighs any minimal probative value the evidence may have with respect to damages.   As such, plaintiff's motion to exclude is well-taken.

**CONCLUSION**

For the foregoing reasons, defendants' motion for summary judgment and plaintiff's motion in limine are GRANTED.

IT IS SO ORDERED.

  /s/ Patricia A. Gaughan  
PATRICIA A. GAUGHAN  
United States District Judge  
Chief Judge

Dated: 12/13/18